LEMMON, Judge
(concurring).
At the conclusion of the evidence the trial judge expressed a credibility evaluation of the conflicting testimony on the factual issue as to whether or not the parties verbally agreed at the inception of the employment relationship that Kern’s advances in excess of' commissions would be repaid upon his termination. However, apparently upon reflection after reviewing a memorandum of authorities, the trial judge declined to allow a swearing match determination to operate to supplement a written contract by adding terms which were not expressed and could not be implied from the contract itself or from the circumstances surrounding the relationship. Furthermore, there was nothing that was expressed in the second contract or that could be reasonably implied from the surrounding circumstances which could serve as a basis for retroactive application of the newly added provision for repayment.[1]
I therefore agree with the legal conclusion of the trial judge that, under the circumstances of this case, testimony as to a contemporaneous oral agreement could not serve to change the law between the parties.

. Indeed, Mrs. Jarabica testified that the “main purpose” of the second contract was to renew Kern’s options which had expired.